OPINION
{¶ 1} Plaintiff-appellants Fred Charton, Brenda Charton and Gary Franks appeal the June 1, 2005 Judgment Entry of the Stark County Court of Common Pleas, granting defendants-appellees Republic Services of Ohio II, LLC, Pike Township Trustees, Pike Township Board of Zoning Appeals, Pike Township Zoning Inspector and the Stark County Prosecutor's Office separate motions to dismiss.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This cause is related to appeals in 2005CA00045, 2005CA00032 and 2004CA00395. The facts as stated in such related cases are incorporated herein by reference as if fully rewritten.
 {¶ 3} As to this case, appellee Republic Services of Ohio II, LLC. (hereinafter "Republic") owns a solid waste landfill in Pike Township, Ohio known as Countywide Recycling Disposal Facility. The landfill was developed under a conditional use permit issued by the Pike Township Board of Zoning Appeals (hereinafter "Board"). The conditional use permit limited the landfill to a 100 acre area of land.
 {¶ 4} Appellants are landowners residing near or adjacent to the landfill.
 {¶ 5} In 2004, Republic requested an additional conditional use permit from the Board to expand the landfill acreage, and increase the height, capacity and anticipated life expectancy thereof. The Board conducted extensive hearings, in which appellants, adjoining landowners, participated. The Board denied the additional conditional use permit application, and Republic filed a R.C. Chapter 2106 appeal in the Stark County Court of Common Pleas. Appellants moved the trial court to intervene in the proceeding. The trial court denied appellant's motion to intervene. Appellants appealed the denial of the motion to intervene in Stark App. No. 2004CA00395. This Court reversed the decision of the trial court holding appellant had an absolute right to intervene in the administrative appeal and remanded the matter to grant appellants' motion to intervene.
 {¶ 6} On August 12, 2004, Republic filed a separate complaint in the Stark County Court of Common Pleas for declaratory judgment, seeking, among other relief, a declaratory judgment its landfill operation was a public utility; the actions of the Pike Township authorities were unconstitutional as applied; State of Ohio statutes preempted the zoning by Pike Township; and a taking of property rights without compensation occurred. The parties, the Pike Township Trustees and Republic, then prepared and submitted an Agreed Consent Judgment, allowing expansion of the landfill.
 {¶ 7} A public notice of special meeting of Pike Township and the Pike Township Zoning Board of Appeals for September 28, 2004, at the Stark County Prosecutor's Office, was published on September 27, 2004.
 {¶ 8} Appellants filed a motion to intervene and motion to vacate the agreed consent decree on October 8, 2004. The trial court denied the motions. Appellants filed an appeal with this Court in Stark App. No. 2005CA00045. Again, this Court reversed the decision of the trial court and remanded for a determination on the merits of appellants' motion to intervene and, if granted, the 60(B) motion.
 {¶ 9} On March 28, 2005, appellants initiated the instant action for declaratory judgment seeking to determine whether the actions of the Pike Township Trustees and Republic regarding the agreed consent entry were unlawful and void. On June 1, 2005, the trial court, via Judgment Entry, granted appellees' separate motions to dismiss. Appellant now appeals, assigning as error:
 {¶ 10} "THAT THE TRIAL COURT ERRED IN DISMISSING THE PLAINTIFFS' COMPLAINT (WITHOUT PREJUDICE) UPON GROUNDS OF LACK OF SUBJECT MATTER JURISDICTION."
 {¶ 11} Appellant's sole assignment of error maintains the trial court erred in dismissing appellants' complaint for lack of subject matter jurisdiction.
 {¶ 12} The trial court's June 1, 2005 Judgment Entry states:
 {¶ 13} "The instant matter filed by the Plaintiffs is directly related to other cases involving the same parties (with the exception of defendant John D. Ferrero, Esq.) which are currently pending before the Fifth District Court of Appeals . . .
 {¶ 14} * * *
 {¶ 15} "The Plaintiffs in the instant case moved to intervene in both Judge Sinclair's case and Judge Lioi's case in order to defend the Pike Township Board of Zoning appeals denial of Republic's application to expand and to challenge the Consent Judgment entered in Judge Sinclair's case, but the Motions to Intervene were denied in both actions.
 {¶ 16} "The Plaintiffs in the instant case appealed the decisions denying the Motions to Intervene, as well as, the denial of Plaintiff's Motion to Vacate the Consent Judgment entered in Judge Sinclair's case. Plaintiffs appeal is currently pending before the Fifth District Court of Appeals.
 {¶ 17} "Since the issue of whether the Plaintiffs have standing to intervene in the prior actions involves the same claims and the same parties as in the instant case, this Court finds that it lacks subject matter jurisdiction, as the Plaintiffs appeals in the prior cases are pending before the Fifth District Court of Appeals."
 {¶ 18} Thus, according to the trial court's Judgment Entry, the court dismissed appellant's complaint for lack of subject matter jurisdiction due to appellant's potential intervention in the other pending actions.
 {¶ 19} Initially, we note, at the time appellants' declaratory judgment action was filed and at the time the trial court rendered its Judgment Entry, appellants' motions to intervene in the other actions had been denied in the trial courts and this Court's reversals of those decisions had not yet been filed. Therefore, appellants were not a party in the other pending actions. Such determination by the court in the case sub judice was error. Accordingly, the trial court's treatment of appellants' complaint as a collateral attack against those decisions is misplaced. While the trial court had discretion to stay or continue the instant action pending resolution of appellants' separate appeals with regard to the denial of their motion to intervene in those related cases, we find the trial court did not lack subject matter jurisdiction in this case. Accordingly, the trial court erred in granting appellees' motions to dismiss.
 {¶ 20} The June 1, 2005 Judgment Entry of the Stark County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.
Hoffman, P.J. Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment entry of the Stark County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and our opinion. Costs to be divided equally among appellees.